IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CRIMINAL NO. 7:22-CR-49 |
| v. | § § | |
| AGHORN OPERATING, INC., TRENT DAY, and KODIAK ROUSTABOUT, INC. | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM DUPLICITY (ECF NO. 70, 66)

1. Defendants Aghorn Operating, Inc. ("Aghorn") and Trent Day ("Day") have challenged as duplicitous Counts One, Two, Eight, and Nine of the indictment; and defendant Kodiak Roustabout, Inc. ("Kodiak") has joined the challenge to Counts Eight and Nine. (ECF No. 66) In its response, the government begins by expatiating on the broad charging discretion afforded to prosecuting authorities. (ECF No. 70, at 1-2) "There are, however, limits to the Government's discretion," *United States v. Tanner*, 471 F.2d 128, 139 (7th Cir. 1972) (finding count of indictment duplicitous); and the government has exceeded those limits in this case.

2. At bottom, the government appears to rely principally on the "continuous course of conduct"/ "single, continuing scheme" doctrine of combining

factually discrete offenses in a single count (ECF No. 70, at 4-6), although the government does also assert at least once that each count "charge[s] a single offense." (ECF No. 70, at 5)  Defendants will first explain why, contrary to the latter assertion, each count does *not* charge only a single offense.  Then defendants then will explain why a proper understanding of the "continuous course of conduct" exception to duplicity does not save the challenged counts of the indictment.

      3.     As a general rule, factually (including temporally) distinct acts each violating a statute support a separate charge in an indictment, and should, indeed, normally be charged that way because they describe different offenses.  *See, e.g., Bins v. United States,* 331 F.2d 390, 393 (5th Cir. 1964) ("The filing of each false document would constitute a crime, and each should be alleged in a separate and distinct count of the indictment."); *cf. United States v. Sturdivant*, 244 F.3d 71, 73 (2d Cir. 2001) (Sotomayor, J.) (single count of indictment charging defendant with possessing and distributing cocaine base was duplicitous where it was based on his "participat[ion] in two separate and distinct drug transactions").  Of course, some statutes like conspiracy or kidnapping are "continuing offenses"[1] – where factually distinct acts can constitute a single continuing offense.  That is not the case here.  That is, we do not understand the government to claim that the statutes charged in

---

[1] *See, e.g., Smith v. United States*, 568 U.S. 106, 111 (2013) ("conspiracy is a continuing offense") (citing *United States v. Kissel*, 218 U.S. 601, 610 (1910)).

2

Counts One, Two, Eight, and Nine are classified as "continuing offenses" like conspiracy, and, indeed, such a claim would run counter to the Supreme Court's admonition that "the doctrine of continuing offenses should be applied only in limited circumstances . . . ."[2] *Toussie v. United States*, 397 U.S. 112, 115 (1970); *see also id.* at 121 ("such offenses are not to be implied except in limited circumstances . . . .").

4. Even though the charged statutes are not "continuing offenses," courts -- including the Fifth Circuit -- have held that "several acts may be charged in a single count if the acts 'represent a *single, continuing scheme that occurred within a short period of time* and that also involved the same defendant,'" *United States v. Klat*, 156 F.3d 1258, 1266 (D.C. Cir. 1998) (emphasis added) (quoting *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980) – even if the acts could be charged as separate counts of the indictment. *See, e.g., United States v. Robin*, 693 F.2d 376, 378 (5th Cir. 1982) (holding that factually distinct threatening statements could be

---

[2] We note that at least one court has specifically held that knowing endangerment under 42 U.S.C. § 7413(c)(5) – the offense with which Aghorn and Day are charged in Count Two – is not a continuing offense. *See United States v. W.R. Grace*, 429 F. Supp. 2d 1207, 1239-45 (D. Mont. 2006). We also note that, with respect to false statements (the subject of Count Nine), even if multiple factually distinct false statements may be combined in a single count, (*but cf. United States v. Holley,* 942 F.2d 916, 928 (5th Cir. 1991) (holding that two perjury counts were duplicitous because each count alleged multiple, factually distinct false statements), the usual unit of prosecution is each **document** in which false statements are made. *See, United States v. Sahley*, 526 F.2d 913, 918 (5th Cir. 1976) (multiplicitous to predicate three false-statement counts under 18 U.S.C. § 1014 on three false assertions made in only a single document); *Bins*, 331 F.2d at 393 (duplicitous to charge, in a single count, the making of false statements in two different documents). In Count Nine, of course, the government has charged the making of false statements in multiple documents.

charged in a single count "because they were part of a single, continuing scheme that occurred within a short period of time and that involved the same defendant"; citing, in addition to *Alsobrook*, cases from the Second, Seventh, and Ninth Circuits); *see also, e.g., United States v. Berardi*, 675 F.2d 894, 898 (7th Cir. 1982) (even though the three acts of obstruction alleged in one count of the indictment could have been charged in separate counts, under the "continuing course of conduct" doctrine, there was no reversible duplicity in charging all three act in one count; the three acts "occurred within a relatively short period of time, were committed by one defendant, involved a single witness, and were in furtherance of [defendant's] solitary object . . . .").

5. The facts here do not fit the "single continuous scheme" exception to duplicity. As defendants showed in their original motion (ECF No. 66, at 7), each of the challenged counts of this indictment spans *two-and-one-half years* – and thus fails the requirement that all agglomerated acts must "occu[r] within a relatively short period of time." As we have pointed out, the agglomerated acts in *Robin* occurred over a two-day period. (ECF No. 66, at 7, *citing Robin*, 693 F.2d at 378) In *Berardi*, the agglomerated acts occurred over, at most, a four-month period. *See Berardi*, 675 F.2d at 898. In *Klat*, the agglomerated acts occurred over, at most, a six-month period. *See Klat*, 156 F.3d at 1266.

The 30-month period covered by each of Counts One, Two, Eight, and Nine is a far cry from the "relatively short period of time" approved by these cases. The government cites no authority holding otherwise,[3] and this Court should find those counts to be duplicitous.[4]

6.    The government also argues that any duplicity concerns "can be addressed by appropriate [jury] instructions" (ECF No. 70, at 6) (citation omitted), because "[a]t trial, a unanimity instruction or special verdict form can cure any

---

[3] The government does cite one Fifth Circuit case purportedly in defense of the proposition that, under the "continuous course of conduct" doctrine, an agglomerated count may include acts spanning multiple years (ECF No. 70, at 4-5); but that case is not on point. In *United States v. Miller*, 520 F.2d 504 (5th Cir. 2008), the Fifth Circuit did reject a duplicity challenge to a tax evasion count spanning several tax years; but it was not the ***same*** type of duplicity challenge as in this case. The defendant did not challenge the fact that the alleged tax evasion spanned several tax years; rather, he argued that the tax evasion count comprehended two factually distinct types of conduct, either of which could support a conviction. *See id.* at 512. The court assumed, *arguendo*, that the indictment was duplicitous, but found no grounds for reversal because the jury instructions permitted conviction based only on one of the two types of conduct alleged. *See id.* at 513.

The government also cites one in-circuit multi-year conspiracy case (ECF No. 70, at 3), and potential two out-of-circuit multi-year conspiracy cases (ECF No. 70, at 5), but those cases are inapposite because, as explained above, conspiracies are "continuing offenses," and describe but a single offense no matter how long they persist. And, finally, the government cites two out-of-circuit tax-evasion cases allowing a single count for multiple years of tax evasion (ECF No. 70, at 4-5), but apparently neither one of those cases was from a jurisdiction with the "relatively short period of time" limitation imposed by the Fifth Circuit and others, since there was no discussion of the matter in those cases.

[4] Counts One and Two are especially egregious examples of duplicity. Each of those counts allege that the Defendants caused a deadly release of hydrogen sulfide on October 26, 2019, at a location called the "Water Flood Station" on a lease called "Foster D," when parts of a pump broke and spilled water from which H2S vaporized, killing employee Jacob Dean. But any other acts within the 30 months of those counts would be factually different, not only at different times but perhaps at different locations, involving different equipment, affecting different people, not causing death. It is difficult to see how these are part of a "single continuous scheme" much less within a short period of time.

5

potential duplicity in situations where a defendant is charged with violating a law in various ways or at various times. (ECF NO. 70, at 6) (citations omitted). But such a procedure does nothing to remedy the derogation of the defendants' right to grand jury indictment identified in the initial motion – namely, the right to be assured that grand jurors found probable cause to indict for any discrete violation within the mass of violations charged by Counts One, Two, Eight, and Nine. (ECF No. 66, at 8-9)

Moreover, even setting this point aside, it should be borne in mind that the cases cited by the government were **appellate** cases in which it was already a *fait accompli* that a duplicitous, or arguably duplicitous, indictment went to the jury. But determining the appropriate remedy for an error that has already occurred – including whether the error warrants the strong medicine of reversal of the conviction – is a different task from determining, at the district-court level, the best practice to be followed **before** the error has occurred.

Here, if the Court does not find that dismissal is required as a result of the derogation of the defendants' constitutional right to grand jury indictment (ECF No. 66, at 8-9), the best practice is to require the government to elect a single offense on which to proceed for the four duplicitous counts, rather than trying to patch things up with attempted curative instructions about unanimity or otherwise. As has been recognized in other contexts, "curative instructions are not a panacea," *Anderson v. Ducart*, Case No. 11-cv-02636-JST (PR), 2015 WL 694767, at *25 n.7 (N.D. Cal.

Feb. 18, 2015) (citation omitted). The charges in Counts One, Two, Eight, and Nine are complex, and involve potentially *many* offenses, varied both in their nature and the date of their commission, about which the jury must be unanimous. Rather than asking a lay jury to tackle the confusing task of sorting out which, if any, of the many offenses the government has proved within the confines of a single count, the Court should require the government to elect a single offense upon which to proceed in each of these counts, and then dismiss the balance of each count as duplicitous.

\* \* \* \*

For the reasons set forth in defendants' original motion (ECF No. 66), as well as those set forth above, this Court should dismiss Counts One, Two, Eight, and Nine of the indictment for duplicity. In the alternative, this Court should require the government to elect and identify a single offense within each count on which the government will proceed.

| | |
|---|---|
| Date:  December 11, 2023 | Respectfully submitted, |
| | /s/ David Gerger |
| | David Gerger |
| | Texas Bar No. 07816360 |
| | dgerger@ghmfirm.com |
| | Matt Hennessy |
| | Texas Bar No. 00787677 |
| | mhennessy@ghmfirm.com |
| | GERGER HENNESSY & MARTIN LLP |
| | 700 Louisiana, Suite 2300 |
| | Houston, Texas 77002 |
| | 713.224.4400 – Telephone |
| | 713.224.5153 – Fax |

s/ Marla Thompson Poirot
Marla Thompson Poirot
Texas Bar No. 00794736
marla@poirotlaw.com
THE POIROT LAW FIRM, PLLC
PO Box 25246
Houston, Texas 77265
713.816.1660 – Telephone

**ATTORNEYS FOR DEFENDANTS AGHORN OPERATING, INC**

/s/Darrell Corzine
Darrell Corzine
**KELLY MORGAN CORZINE & HANSEN, PC**
P.O. Box 1311
Odessa, TX 79760
(432) 367-7271
Fax: 432/363-9121
Email: dcorzine@kmdfirm.com

**ATTORNEYS FOR KODIAK ROUSTABOUT, INC.**

## CERTIFICATE OF SERVICE

I filed this reply in the Court's electronic filing system and am emailing a copy to the government the day of filing.

/s/ David Gerger
David Gerger