**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CRIMINAL NO. 7:22-CR-49 |
| v. | § | |
| | § | |
| AGHORN OPERATING, INC., | § | |
| TRENT DAY, and | § | |
| KODIAK ROUSTABOUT, INC. | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF REQUEST
### FOR EXCULPATORY AND IMPEACHMENT MATERIAL

Defendants file this notice to document that they have asked for material that they believe would be favorable, exculpatory, or impeaching of government witnesses, including the following general and specific requests.  *No action is requested from the Court on this motion*:

### 1. Brady/Giglio – Non Exhaustive List

DOJ requirements on Brady/Giglio are enshrined in section 9-5.000 of the Department's "Justice Manual."  Although DOJ policy is arguably broader than Constitutional requirements, it still guides the conduct and obligations of the prosecutors on this case.

Some of the policy's provisions follow:

*Recognizing that prosecutors may not recognize the materiality or favorability of evidence before trial, they must "err on the side of disclosure." JM 9-5.001(B).*

*Prosecutors must disclose "information that is inconsistent with any element of the crime ... regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal." JM 9-5.001(C)(1). They must disclose "information that ... casts a substantial doubt on the accuracy of any witness – including but not limited to witness testimony," again regardless whether the prosecutor thinks the information will change the verdict. JM 9-5.001(C)(2). "Information" must be disclosed whether or not it is admissible evidence. JM 9-5.001(C)(3). Exculpatory information must be disclosed "promptly after it is discovered," and impeachment information may be delayed to meet other concerns "such as witness safety or national security." JM 9-5.001(D)(1-2). The prosecutors must seek exculpatory and impeachment information "from all members of the prosecution team" including "law enforcement officers ... participating in the investigation and prosecution." 9-5.002 (and sometimes requiring search of files of other agencies).*

We ask the government to produce:

(a)     Any witness statements (of fact or belief) or other evidence that are inconsistent with the allegations in the indictment.

(b)     Any witness statements (of fact or belief) or other evidence that are inconsistent with any legal theory on which the indictment is based.

(c)     Any witness statements (of fact or belief) or other evidence that are inconsistent with the expected or actual testimony of any witness called by the government to testify at trial.

(d)     All documents, statements, agents' reports, and tangible evidence favorable to any defendant on the issue of guilt or defendant's participation in any of the charges in the Indictment – including both "impeachment" and "exculpatory" evidence. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *United States v. Agurs*, 427 U.S. 97, 103-04 (1976).

(e)     Any evidence relevant to the bias or credibility of government witnesses (pursuant to *Giglio*), including but not limited to:

i.      Any and all records and information constituting, containing, reflecting, or suggesting any bias or hostility of any witness for the government against any defendant.

ii.     Any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications in the United States or in foreign jurisdictions attributed to each witness called by the government, including but not limited to relevant "rap sheets", and/or judgment and commitment orders.

iii.    Any and all records and information revealing prior misconduct or bad acts attributed to a government witness, particularly those which may be admissible under Fed. R. Evid. 608(b) to impeach the witness' truthfulness.

iv.     any documents containing allegations or evidence of fraud, deceit, perjury, or lack of credibility or candor concerning any person the government intends to call as a witness.

v.      The immigration status of any government witness or informant who is not a United States citizen.

vi.     Any fees, payment of expenses and/or other rewards given or offered to any government witness or informant.

vii.    Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness.  "Consideration" means anything, whether bargained for or not, which arguably could be of value or use to the witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, immigration, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a

3

"witness protection program;" informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony.

viii.   Any and all threats, express or implied, direct or indirect, or other coercion made or directed against any witness; any criminal prosecutions, investigations, or potential criminal prosecutions which could be brought against the witness in this or any other matter; and probationary, parole, deferred government or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence.

ix.   Any civil litigation and/or administrative proceedings involving any witness which could be affected by the outcome of this prosecution.

(f)   Any and all informant files on any witness; the existence and identity of all federal, state and local government files on the witness; and the existence and identity of all official internal affairs, internal investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer.

(g)   The existence and identification of each occasion on which each witness who was or is an informer, accomplice, or expert, has testified before any court, grand jury, or other tribunal or body.

(h)   Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information. This request includes but is not limited to information as to the witness' psychiatric history or mental health trouble including without limit any condition that affects memory or the ability to perceive (for Arvelia Woods or any other witness); the use of "lie detectors" and the results; and the witness' use of narcotic or other drugs.

## 2. This Request includes but is not limited to:

(a)     Any evidence that someone other than Trent Day caused the release alleged in count 2;

(b)     Any evidence that the release alleged in count 2 was not "intentionally" or "knowingly" caused by Trent Day;

(c)     Any evidence that the release alleged in count 2 resulted from a faulty pump or faulty pump repair;

(d)     Any evidence of people – including their identities and locations – present on the Foster D lease after 6:30 pm on October 26, 2019 and during October 27, 2019 and who experienced serious bodily injury or death (other than Jacob and Natalie Dean);

(e)     Any evidence of people – including their identities and locations – present on the Foster D lease after 6:30 pm on October 26, 2019 and during October 27, 2019 and who did NOT experience serious bodily injury or death;

(f)     Any evidence that someone other than Trent Day conducted pressure tests and prepared reports alleged in count 8-9;

(g)     Any evidence that Jack Dean controlled the operation and maintenance of the Foster D lease;

(h)     Any evidence that Jack Dean operated and maintained the Foster D lease in a poor or negligent way;

(i)     Any evidence that Jack Dean was responsible for the H2S monitors on the Foster D lease;

(j)     Any evidence that Jack Dean failed to maintain the H2S monitors on the Foster D lease.

### 3. Agent Notes

In December 2022, in the fifth week of trial in *United States v. Swiencinski*, No. 4:18-CR-368, it was discovered that **agent notes** of witness interviews – previously undisclosed -- contained information that contradicted or cast doubt on witnesses who had testified earlier in the trial.  The late disclosure resulted in a dismissal of one defendant and mistrial of the others.  At a hearing on January 17, 2023 into the debacle, the prosecutor – under questioning from the Court -- stated that DOJ has no policy to confirm whether agent notes contain impeachment or *Giglio* or *Brady* material – the practice differs from office to office, and at the least the Fraud Section of the Criminal Division in Washington does not require review of notes.  We ask (a) that all notes of agents be preserved; (b) that the prosecutor review those notes for any material that is arguably favorable to the defense; and (c) that the prosecutor allow the defense to review those notes as part of discovery.


Date:  December 11, 2023              Respectfully submitted,

/s/ David Gerger
David Gerger
Texas Bar No. 07816360
dgerger@ghmfirm.com
Matt Hennessy
Texas Bar No. 00787677
mhennessy@ghmfirm.com
GERGER HENNESSY & MARTIN LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

s/ Marla Thompson Poirot
Marla Thompson Poirot
Texas Bar No. 00794736
marla@poirotlaw.com
THE POIROT LAW FIRM, PLLC
PO Box 25246
Houston, Texas 77265
713.816.1660 – Telephone
**ATTORNEYS FOR DEFENDANTS
AGHORN OPERATING, INC**

/s/Darrell Corzine
Darrell Corzine
KELLY MORGAN CORZINE & HANSEN, PC
P.O. Box 1311
Odessa, TX 79760
(432) 367-7271
Fax: 432/363-9121
Email: dcorzine@kmdfirm.com
**ATTORNEYS FOR KODIAK
ROUSTABOUT, INC.**

/s/Daniel Hurley
Daniel Hurley
Bar No. 10310200
HURLEY, GUINN & SINGH
1805 13th Street
Lubbock, Texas 79401
Tel: (806) 771-0700
Fax: (806) 763-8199
E-mail: dwh@hurleyguinn.com

/s/Frank Sellers
Frank Sellers
Bar No. 24080305
WESTFALL SELLERS
1612 Summit Ave., Suite 200
Fort Worth, Tx 76102
phone 817-928-4222
Email: frank@westfallsellers.com
**ATTORNEYS FOR TRENT DAY**

7

## CERTIFICATE OF SERVICE

I filed this motion in the Court's electronic filing system and am emailing a copy to the government the day of filing.

/s/ David Gerger
David Gerger