IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **AGHORN OPERATING, INC., et al.** | **NO. 7:22-CR-00049-DC** |

### ORDER ON DEFENDANTS' MOTION TO EXCLUDE CIVIL, REGULATORY, AND INDUSTRY STANDARDS OR VIOLATION OF SUCH STANDARDS

The Court has considered the pleadings and authorities in Defendants' Motion to Exclude Evidence of Civil, Regulatory and Industry Standards, docket no. __. In that motion, defendants seek to exclude evidence or comment on civil, regulatory, or industry standards, or violation of such standards. By way of example, the defendants' motion lists proposed testimony from government expert reports, which the Court includes below. For the reasons stated in the motion, the motion is granted.

The government may not offer evidence, testimony, or comment of the following:

- Civil violations/regulatory violations of environmental standards and worker/workplace safety standards, whether federal, state, or local – with the exception of the OSH Act standards cited in Counts Three, Four, and Five, and in that case only for the limited purpose of those counts;

- Any evidence that defendants have been cited for violations of, or found to be in violation of, any of the aforementioned standards, by any government agency, whether federal, state, or local – including, but not limited to, government reports, oral and written communications, and cease-and-desist orders; or
- Evidence of API or other industry standards or their violation.

The government also may not offer expert testimony to rehash the testimony of fact witnesses, nor to offer legal conclusions or conclusions on the ultimate issues that the jury is qualified to and must decide.

By way of illustration, the following examples of testimony, which are cited in the motion, are excluded:

- Aghorn's numerous failures to comply with industry standards and practices, Railroad Commission rules and OSHA regulations and guidance clearly demonstrate that Aghorn failed to comply with the requirements of the Clean Air Act's general duty clause;
- The defendants violated Texas state civil law requiring signs that warn of hazardous material;
- The defendants violated Texas state civil laws on safety training for employees;
- The defendants violated an OSHA regulation against respirators for employees with beards;
- The defendants violated OSHA standards for medical exams;
- The CSB determined that Aghorn had poor site security;

2

- OSHA found that Aghorn violated OSHA respiratory safety requirements;

- The defendants violated Texas Railroad Commission civil rules government handling and monitoring of H2S;

- Aghorn did not adhere to government regulations;

- The defendants violated API Recommended Practice 55 §§ 3.10 and 9.18 for ventilating and entering buildings;

- The defendants violated API RP 55 § 12.6 on warning signs;

- The defendants violated API RP 55 § 12.4 concerning fixed H2S monitors and warning lights;

- The defendants violated API RP 55 § 9.15 on maintenance of fixed monitors;

- The defendants violated API RP 55 § 9.4 concerning safe work practices;

- Aghorn failed to comply with the requirements of the Clean Air Act's general duty clause;

- The OSHA citations that correspond to counts 3, 4, and 5 are "appropriately applied and supported by the facts";

- Aghorn violated OSHA standards underlying count 4.

Signed: Midland, Texas on _____, 2024.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE